①
(ON BACK)
Pg. 2

United States District
Court for the Eastern
District of California
Ninth Division

**FILED**

FEB 22 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

Janai Meeks et. al

vs.

The County of Butte
Local and State Employees

Case No.
2:21cv 0049 KJM
DB
(B)

Complaint Pursuant to:
SB. 2, Bradford, Peace
Officers: Certification: Civil
Rights

Complaint Pursuant to:
42 USC Code §§ 1983

Meeks et. al brings this suit
against The County of Butte
Children's Services Division
and Oroville Police Department
as well as all court appointed
Council.

②

Jennifer Beck, Bar #262067, of Butte County, Christine Price Bar #165421, as well as the Judicial team in it's entirety, that took part in the above mentioned proceedings.

All defendants listed are said to be working in the full capacity of law and all acts illustrated by Butte County employees are to be executed out of malice, intentionally, and with complete disregard for human life.

Under penalty of perjury, I acknowledge all that is stated in the Amicus Brief and in the entirety of the complaint is true and correct.

Meeks has 2 mailing addresses for the Court to correspond.
P.O. Box 463 Gerber, CA 96035
7 Gillick Way, Oroville, CA 95945

☆
☆

Counts Are as follows:

I. Constitutional Rights violations

II. Attorney Misconduct

III. Fraud upon the Court

IV. Discrimination

1.8  Upon the filing of this petition Meeks is respectfully requesting cancel be provided to Art Minors to the case. Meeks is also respectfully requesting efiling services be provided by way of Pacer.psc.uscourts.gov. Meeks is also requesting, her oldest son BH be added to the law suit as a victim of parental alienation, for Butte County defamating Meek character.



3)

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.   The Parties to This Complaint

### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name                             Janai Meeks

All other names by which
you have been known:
ID Number                        178219
Current Institution              Butte County Jail
Address                          7 Gillick way
                                 Oroville        CA    95965
                                 *City*        *State*   *Zip Code*

### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
Name                             Oroville Police Dept
Job or Title *(if known)*        Police Officers
Shield Number                    entirety
Employer
Address                          2055 Lincoln Street
                                 Oroville        CA    95965
                                 *City*        *State*   *Zip Code*
                                 ☐ Individual capacity   ☒ Official capacity

Defendant No. 2
Name                             Childrens Services Division
Job or Title *(if known)*        Childrens Social workers
Shield Number
Employer                         Butte County Childrens Services
Address                          78 Table Mtn Blvd.
                                 Oroville        CA    95965
                                 *City*        *State*   *Zip Code*
                                 ☐ Individual capacity   ☒ Official capacity

Defendant No. 3
    Name
    Job or Title *(if known)*
    Shield Number
    Employer
    Address

| City | State | Zip Code |
|------|-------|----------|

☐ Individual capacity    ☐ Official capacity

Defendant No. 4
    Name
    Job or Title *(if known)*
    Shield Number
    Employer
    Address

| City | State | Zip Code |
|------|-------|----------|

☐ Individual capacity    ☐ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

    ☐ Federal officials (a *Bivens* claim)

    ☒ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Attachments provided; detail accounts of events.

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Page 3 of 11

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

*All Defendants are sworn to uphold the Constitution of the United States, yet all defendants skipped due process in withholding Meeks' children from her as well as displayed threatening behavior when an extended detention out Meeks' took place.*

III.    **Prisoner Status**

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [x] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [ ] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)* _____

IV.    **Statement of Claim**

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

*Oroville Police Department detained Meeks' four children without a court order, no warrant nor consent from Meeks, on Oct 16, 2019, in Oroville, Ct. 95965. (Attachment included)*

B.    If the events giving rise to your claim arose in an institution, describe where and when they arose.

C.    What date and approximate time did the events giving rise to your claim(s) occur?

Butte    October 16, 2019    at roughly    7:40 am.

D.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

* Meeks four children were unlawfully removed, from her care by Oroville Police Dept.
* Three of Meeks' kids were omitted from the case, Prematurely with no disposition to their cases.
* The entirety of the cases were held in Juvenile Court, instead of Family Court, knowingly accepting perjury as evidence to be presented in both counties.

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Extreme emotional trauma.

* Meeks has received multiple Assessments in regards to her mental health.

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Reversal of Butte County cases in their entirety, punitive damages, monetary damages, exemplary damages in the sum of $10,000,000 w/ Butte County being held responsible for 100% of the damages and expedited relief is respectfully sought,

Page 5 of 11



Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## VII.    Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☐ Yes

☒ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐ Yes

☐ No

☒ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☐ No

☒ Do not know

If yes, which claim(s)?

D.     Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☒ Yes

☐ No

E.     If you did file a grievance:

1.     Where did you file the grievance?

I filed a grievance with the Oroville Police Dept 2019, as well as CDSS in 2019 and in final stages of appellate court, with case # C094860.

2.     What did you claim in your grievance?

* Constitutional Rights Violations
* Sexual Abuse to My Children by Foster Parent
* Child Abuse to my children by Foster Parent.

3.     What was the result, if any?

unknown, never got a response.

4.     What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

Currently in Appellate Court, all conducts listed in an active Appeal for Butte County C094860 Third Appellate District Court "Amicus Curiae Brief" has been filed by myself. Current status is unknown. I have been incarcerated since 12/22/2021



Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.      If you did not file a grievance:

      1.    If there are any reasons why you did not file a grievance, state them here:

      2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G.      Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. Current incarceration in Butte County Jail shortly after appeal, unknown of any other action available, or necessary.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.



A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☒ Yes

☐ No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit
Plaintiff(s)    Jana Meeks        AH, MS, SF, KFJr,
Defendant(s)    Butte County employees

2.    Court *(if federal court, name the district; if state court, name the county and State)*
Robert Matsui Federal Court

3.    Docket or index number
21 CV 0049

4.    Name of Judge assigned to your case
KJM

5.    Approximate date of filing lawsuit
1/11/2021

6.    Is the case still pending?
☐ Yes
☒ No        Dismissed with leave to amend.
If no, give the approximate date of disposition.    Oct 28, 2021

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

Dismissed With Leave to Amend

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

No.



Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes

☒ No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2.    Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.    Docket or index number

_____

4.    Name of Judge assigned to your case

_____

5.    Approximate date of filing lawsuit

_____

6.    Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition _____

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____



Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   2/4/2022

Signature of Plaintiff   *Q Meeks — MKS*

Printed Name of Plaintiff   Janai Meeks

Prison Identification #   178219-ND

Prison Address   7 Gillick Way

Oroville                    CA        95965
             *City*           *State*       *Zip Code*

### B.   For Attorneys

Date of signing:   _____

Signature of Attorney   _____

Printed Name of Attorney   _____

Bar Number   _____

Name of Law Firm   _____

Address   _____

             *City*           *State*       *Zip Code*

Telephone Number   _____

E-mail Address   _____

⑭

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

~~████████~~, Alyanna Hatcher, Marquis Slaughter,

Serenity Finley and Kenneth Finley Jr

(List the full name(s) of the plaintiff(s)/petitioner(s).)

2 | cv 00 | 4 | 9

-against-

Butte County, Children's Serv. Division (CSD), Oroville Police

Department, ~~Tehama County Child Protective Services (CPS) Tehama County Sheriffs Office~~

(List the full name(s) of the defendant(s)/respondent(s).)

**Application for the Court to Request Pro Bono Counsel**

I ask the Court to request a *pro bono* attorney to represent me in this action. In support of my application, I declare under penalty of perjury that the following information is true and correct:

1. Have you previously filed a "Request to Proceed in Forma Pauperis" (an IFP application)? Please check the appropriate box below:

   ☒ I have previously filed an IFP application in this case, and it is a true and correct representation of my current financial status.

   ☐ I have not previously filed an IFP application in this case and now attach an original IFP application showing my financial status.

   ☐ I have previously filed an IFP application in this case, but my financial status has changed. I have attached a new IFP application showing my current financial status.

2. Explain why you need an attorney in this case. (Please note that requests for pro *bono* counsel are rarely granted at the early stages of a case and usually not before the Court has issued a decision on the merits of the case.) If you asked for an attorney earlier in this case, please also explain what has changed since you last asked for an attorney.

Due to the fact that mother is representing herself pro se, mother has no athority to provide representation

for the minors to the aforementioned case.

3. Explain what steps you have taken to find an attorney and with what results. (Please identify the lawyers, law firms or legal clinics you have contacted and their responses to your requests. If you have limited access to the telephone, mail, or other communication methods, or if you otherwise have had difficulty contacting attorneys, please explain.)

I have contacted numerous potential candidates for the role of attorney yet all are unavailable and expensive.

4. If you need an attorney who speaks a language other than English, state what language(s) you speak:

5. I understand that if an attorney volunteers to represent me and that attorney learns that I can afford to pay for an attorney, the attorney may give this information to the Court.

6. I understand that even if the Court grants this application, I will receive *pro bono* counsel only if an attorney volunteers to take my case and that there is no guarantee that an attorney will volunteer to represent me.

7. I understand that if my answers on this application or in my IFP application are false, my case may be dismissed.

| | |
|---|---|
| 1/1/2022 | Janai Meeks |
| Date | Signature |
| Meeks, Janai S. | 178219 |
| Name (Last, First, MI) | Prison Identification # (if incarcerated) |
| PO Box 463 | Gerber    CA.    96035 |
| Address | City    State    Zip Code |
| 530-727-4619 | Janaimeeks@hotmail.com |
| Telephone Number | E-mail Address (if available) |

Meeks has a P.O. Box as well, Meeks is respectfully requesting both her jail address as well as her P.O. Box listed above be used to receive correspondence

AO 240  (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of California  ▣

| | |
|---|---|
| Janai Meeks et.al | ) |
| _Plaintiff/Petitioner_ | ) |
| v. | ) |
| ~~Tehama County et.al~~ and Butte County et.al | ) |
| _Defendant/Respondent_ | ) |

Civil Action No. _____

## APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS
### (Short Form)

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested.

In support of this application, I answer the following questions under penalty of perjury:

1. _If incarcerated._ I am being held at: _____.
If employed there, or have an account in the institution, I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name. I am also submitting a similar statement from any other institution where I was incarcerated during the last six months.

2. _If not incarcerated._ If I am employed, my employer's name and address are:




My gross pay or wages are:  $ _____ , and my take-home pay or wages are:  $ _____ per

_(specify pay period)_ _____.

3. _Other Income._ In the past 12 months, I have received income from the following sources _(check all that apply)_:

| | | |
|---|---|---|
| (a) Business, profession, or other self-employment | ☒ Yes ↲M | ■ No |
| (b) Rent payments, interest, or dividends | ☐ Yes | ■ No |
| (c) Pension, annuity, or life insurance payments | ☐ Yes | ■ No |
| (d) Disability, or worker's compensation payments | ☐ Yes | ■ No |
| (e) Gifts, or inheritances | ☐ Yes | ● No |
| (f) Any other sources | ☐ Yes | ● No |

_If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future._ off set taxes from the tax year 2019

AO 240  (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

4.  Amount of money that I have in cash or in a checking or savings account:  $ _____ 120.00 .

5.  Any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value that I own, including any item of value held in someone else's name (*describe the property and its approximate value*):
N/A

6.  Any housing, transportation, utilities, or loan payments, or other regular monthly expenses (*describe and provide the amount of the monthly expense*):
transportation expense is $60 monthly, 900 is provided to family by way of Cal Fresh.

7.  Names (or, if under 18, initials only) of all persons who are dependent on me for support, my relationship with each person, and how much I contribute to their support:
Billy Hatcher 16 years old, child
Alyanna Hatcher 13 years old, child
Marquis Slaughter 11 years old, child
Serenity Finley 7 years old, child
Kenneth Finley Jr. 3 years old, child

8.  Any debts or financial obligations (*describe the amounts owed and to whom they are payable*):
Child Support in the amount of $444.00 and seeking vallidity on the case currently held in Sacramento County, CA.

*Declaration:* I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims.

Date: ____01/01/2022____

_____
*Applicant's signature*

_____
**Janai Meeks**
*Printed name*

AO 240  (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

# UNITED STATES DISTRICT COURT

### for the

### Eastern District of California

| | |
|---|---|
| Janai Meeks et.al | ) |
| Plaintiff/Petitioner | ) |
| v. | ) |
| ~~Tehama County et.al And~~ Butte County et.al | ) |
| Defendant/Respondent | ) |

Civil Action No. _____

## APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS
### (Short Form)

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested.

In support of this application, I answer the following questions under penalty of perjury:

1. *If incarcerated.* I am being held at: _____.
If employed there, or have an account in the institution, I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name. I am also submitting a similar statement from any other institution where I was incarcerated during the last six months.

2. *If not incarcerated.* If I am employed, my employer's name and address are:

My gross pay or wages are:  $ _____ , and my take-home pay or wages are:  $ _____ per

*(specify pay period)* _____.

3. *Other Income.* In the past 12 months, I have received income from the following sources *(check all that apply)*:

(a) Business, profession, or other self-employment ☐ Yes ■ No
(b) Rent payments, interest, or dividends ☐ Yes ■ No
(c) Pension, annuity, or life insurance payments ☐ Yes ■ No
(d) Disability, or worker's compensation payments ☐ Yes ■ No
(e) Gifts, or inheritances ☐ Yes ■ No
(f) Any other sources ☐ Yes ■ No

*If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.*

AO 240  (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

4. Amount of money that I have in cash or in a checking or savings account:  $ _____ 0.00 .

5. Any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value that I own, including any item of value held in someone else's name (describe the property and its approximate value):
N/A

6. Any housing, transportation, utilities, or loan payments, or other regular monthly expenses (describe and provide the amount of the monthly expense):
transporation expense is $60 monthly, 900 is provided to family by way of Cal Fresh.

7. Names (or, if under 18, initials only) of all persons who are dependent on me for support, my relationship with each person, and how much I contribute to their support:

8. Any debts or financial obligations (describe the amounts owed and to whom they are payable):
Child Support in the amount of $444.00 and seeking vallidity on the case currently held in Sacramento County, CA.

Declaration:  I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims.

Date: _____ 01/01/2022 _____

_____
Applicant's signature

Janai Meeks-Billy Hatcher (BH)
Printed name



# UNITED STATES DISTRICT COURT
### for the
### Eastern District of California

| | |
|---|---|
| Janai Meeks et.al | ) |
| _Plaintiff/Petitioner_ | ) |
| v. | )    Civil Action No. |
| ~~Tehama County et.al And~~ Butte County et.al | ) |
| _Defendant/Respondent_ | ) |

## APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS
### (Short Form)

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested.

In support of this application, I answer the following questions under penalty of perjury:

1. _If incarcerated._ I am being held at: _____.
If employed there, or have an account in the institution, I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name. I am also submitting a similar statement from any other institution where I was incarcerated during the last six months.

2. _If not incarcerated._ If I am employed, my employer's name and address are:


My gross pay or wages are:  $ _____ , and my take-home pay or wages are:  $ _____ per
_(specify pay period)_ _____

3. _Other Income._ In the past 12 months, I have received income from the following sources _(check all that apply)_:

| | | |
|---|---|---|
| (a) Business, profession, or other self-employment | ☐ Yes | ■ No |
| (b) Rent payments, interest, or dividends | ☐ Yes | ■ No |
| (c) Pension, annuity, or life insurance payments | ☐ Yes | ■ No |
| (d) Disability, or worker's compensation payments | ☐ Yes | ■ No |
| (e) Gifts, or inheritances | ☐ Yes | ■ No |
| (f) Any other sources | ☐ Yes | ■ No |

_If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future._

AO 240  (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

4.  Amount of money that I have in cash or in a checking or savings account:  $ _____ 0.00 .

5.  Any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value that I own, including any item of value held in someone else's name *(describe the property and its approximate value)*:
N/A

6.  Any housing, transportation, utilities, or loan payments, or other regular monthly expenses *(describe and provide the amount of the monthly expense)*:
transportation expense is $60 monthly, 900 is provided to family by way of Cal Fresh.

7.  Names (or, if under 18, initials only) of all persons who are dependent on me for support, my relationship with each person, and how much I contribute to their support:

8.  Any debts or financial obligations *(describe the amounts owed and to whom they are payable)*:
Child Support in the amount of $444.00 and seeking vallidity on the case currently held in Sacramento County, CA.

*Declaration:*  I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims.

Date:     01/01/2022     _____
                                                    *Applicant's signature*

                                          Janai Meeks-Alyanna Hatcher (AH)
                                                    *Printed name*



AO 240 (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of California

Janai Meeks et.al )
_____ )
*Plaintiff/Petitioner* )
v. ) Civil Action No. _____
~~Tehama County et.al And~~ Butte County et.al )
_____ )
*Defendant/Respondent* )

## APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS
### (Short Form)

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested.

In support of this application, I answer the following questions under penalty of perjury:

1. *If incarcerated.* I am being held at: _____ .
If employed there, or have an account in the institution, I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name. I am also submitting a similar statement from any other institution where I was incarcerated during the last six months.

2. *If not incarcerated.* If I am employed, my employer's name and address are:



My gross pay or wages are: $ _____ , and my take-home pay or wages are: $ _____ per

*(specify pay period)* _____ .

3. *Other Income.* In the past 12 months, I have received income from the following sources *(check all that apply)*:

(a) Business, profession, or other self-employment ☑ Yes ■ No
(b) Rent payments, interest, or dividends ☐ Yes ■ No
(c) Pension, annuity, or life insurance payments ☐ Yes ■ No
(d) Disability, or worker's compensation payments ☐ Yes ■ No
(e) Gifts, or inheritances ☐ Yes ● No
(f) Any other sources ☐ Yes ● No

*If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.*

AO 240 (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

4. Amount of money that I have in cash or in a checking or savings account: $ _____ 0.00 .

5. Any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value that I own, including any item of value held in someone else's name (*describe the property and its approximate value*):
N/A

6. Any housing, transportation, utilities, or loan payments, or other regular monthly expenses (*describe and provide the amount of the monthly expense*):
transportation expense is $60 monthly, 900 is provided to family by way of Cal Fresh.

7. Names (or, if under 18, initials only) of all persons who are dependent on me for support, my relationship with each person, and how much I contribute to their support:

8. Any debts or financial obligations (*describe the amounts owed and to whom they are payable*):
Child Support in the amount of $444.00 and seeking vallidity on the case currently held in Sacramento County, CA.

*Declaration:* I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims.

Date: _____01/01/2022_____          _____
                                                  *Applicant's signature*

                                         _____Janai Meeks- Marquis Slaughter (MS)_____
                                                  *Printed name*



AO 240 (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of California

| | |
|---|---|
| Janai Meeks et.al | ) |
| *Plaintiff/Petitioner* | ) |
| v. | ) |
| ~~Tehama County et.al and~~ Butte County et.al | ) |
| *Defendant/Respondent* | ) |

Civil Action No. _____

## APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS
### (Short Form)

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested.

In support of this application, I answer the following questions under penalty of perjury:

1. *If incarcerated.* I am being held at: _____.
If employed there, or have an account in the institution, I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name. I am also submitting a similar statement from any other institution where I was incarcerated during the last six months.

2. *If not incarcerated.* If I am employed, my employer's name and address are:

My gross pay or wages are: $ _____, and my take-home pay or wages are: $ _____ per
*(specify pay period)* _____

3. *Other Income.* In the past 12 months, I have received income from the following sources *(check all that apply):*

| | | |
|---|---|---|
| (a) Business, profession, or other self-employment | ☑ Yes | ■ No |
| (b) Rent payments, interest, or dividends | ☐ Yes | ■ No |
| (c) Pension, annuity, or life insurance payments | ☐ Yes | ■ No |
| (d) Disability, or worker's compensation payments | ☐ Yes | ■ No |
| (e) Gifts, or inheritances | ☐ Yes | ■ No |
| (f) Any other sources | ☐ Yes | ■ No |

*If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.*

4.  Amount of money that I have in cash or in a checking or savings account: $ _____ 0.00 .

5.  Any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value that I own, including any item of value held in someone else's name (*describe the property and its approximate value*):
N/A

6.  Any housing, transportation, utilities, or loan payments, or other regular monthly expenses (*describe and provide the amount of the monthly expense*):
transportation expense is $60 monthly, 900 is provided to family by way of Cal Fresh.

7.  Names (or, if under 18, initials only) of all persons who are dependent on me for support, my relationship with each person, and how much I contribute to their support:

8.  Any debts or financial obligations (*describe the amounts owed and to whom they are payable*):
Child Support in the amount of $444.00 and seeking vallidity on the case currently held in Sacramento County, CA.

*Declaration:*  I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims.

Date: _____01/01/2022_____          _____
                                                        *Applicant's signature*

                                                     Janai Meeks- Serenity Finley (SF)
                                                        *Printed name*

AO 240 (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)



# UNITED STATES DISTRICT COURT

### for the

### Eastern District of California

| | |
|---|---|
| Janai Meeks et.al | ) |
| *Plaintiff/Petitioner* | ) |
| v. | ) Civil Action No. |
| ~~Butte County et.al~~ Butte County et.al | ) |
| *Defendant/Respondent* | ) |

## APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS
### (Short Form)

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested.

In support of this application, I answer the following questions under penalty of perjury:

1. *If incarcerated.* I am being held at: _____ .
If employed there, or have an account in the institution, I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name. I am also submitting a similar statement from any other institution where I was incarcerated during the last six months.

2. *If not incarcerated.* If I am employed, my employer's name and address are:



My gross pay or wages are: $ _____ , and my take-home pay or wages are: $ _____ per
*(specify pay period)* _____

3. *Other Income.* In the past 12 months, I have received income from the following sources *(check all that apply)*:

(a) Business, profession, or other self-employment     ☑ Yes     ■ No
(b) Rent payments, interest, or dividends     ☐ Yes     ■ No
(c) Pension, annuity, or life insurance payments     ☐ Yes     ■ No
(d) Disability, or worker's compensation payments     ☐ Yes     ■ No
(e) Gifts, or inheritances     ☐ Yes     ■ No
(f) Any other sources     ☐ Yes     ■ No

*If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.*

AO 240 (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

4. Amount of money that I have in cash or in a checking or savings account: $ _____ 0.00 .

5. Any automobile, real estate, stock, bond, security, trust; jewelry, art work, or other financial instrument or thing of value that I own, including any item of value held in someone else's name *(describe the property and its approximate value)*:
N/A

6. Any housing, transportation, utilities, or loan payments, or other regular monthly expenses *(describe and provide the amount of the monthly expense)*:
transportation expense is $60 monthly, 900 is provided to family by way of Cal Fresh.

7. Names (or, if under 18, initials only) of all persons who are dependent on me for support, my relationship with each person, and how much I contribute to their support:

8. Any debts or financial obligations *(describe the amounts owed and to whom they are payable)*:
Child Support in the amount of $444.00 and seeking validity on the case currently held in Sacramento County, CA.

*Declaration:* I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims.

Date: _____01/01/2022_____          _____
                                              *Applicant's signature*

                                         Janai Meeks- Kenneth Finey Jr.(KFJr.)
                                              *Printed name*

**AMENDED**



*FOR THE STATE OF CALIFORNIA*

| | | |
|---|---|---|
| **Butte County Dep't of Social Services** | ) | **Trial Case No. 19DP00252** |
| **In re MS** | ) | **3DCA Case No. C094860** |
| | ) | |
| | ) | |
| | ) | |
| | ) | **Honorable Judge Barbara Roberts** |
| | ) | **Honorable Judge Kimberly Merrifield** |



**Opening Amicus Curiae Brief**
**25 ... § 1914 , Ohio Rev. Code § 2151.414 ,Cal. Welf. and Inst. Code § 361.4**
**In re S.B**
**46 Cal.4th 529 (Cal. 2009)**
**In re L.D.**
**...0751 (Cal. Ct. App. Jun. 16, 2011)**

**Introduction**

**Statement ...**

The termination of parental rights as of September 16, 2021 is being appealed. Mother as the Appellant also wishes to challenge Butte County Superior Court Juvenile Division having jurisdiction over the minors mentioned previously. The minors in the case have not committed any crimes, nor were they a nuisance to society or abuse victims while in Mother's care. The minors being under the authority of a Juvenile Court Judge deems them offenders. The minors to the case were detained for homelessness, a dependency hearing in the Family Court of Law in the Superior Court of Butte County would have been the correct location to hold such cases Pursuant to *Family Law I Division 12 Part 6 (7950-7952).*
**California Family Code Sec. § 170 (2016)**

*I declare under penalty of perjury that the Amicus Curiae Opening Brief presented*
*to be true and correct in every aspect of the law.*

The Juvenile Court is designated for WIC 601 and 602 cases. Delinquency and Juvenile Dependency cases are heard in this specific court.

㉑ of 47

**AMENDED**

## FOR THE STATE OF CALIFORNIA

See **WIC § 601. (a)** Any minor between 12- 17 years of age, that continuously runs away from home and disobeys their parents, guardian, or custodians

See also, **WIC § 601.2**. Any minor between 12- 17 years of age, that become truant minors described in **Education Code 48264 Section 5** the school attendance review board shall direct that the minor be referred to the probation department or to the county welfare department under **WIC § 300,** and the school attendance review board may require the school district to file a complaint against the parent, guardian, or other person in charge of such minor as provided in **Education Code Section §48291** or **Section §48454**

Or

See WIC § 602 A minor under the age 18 years old that partakes in activities of violence, duress, menace, or fear of immediate and unlawful bodily injury. Ca. Welf. and Inst. Code § 602

Foster Care Placement [16000 - 16014] Family Law § 16001.9, (a) All children placed in foster care, either voluntarily or after being adjudged a ward or dependent of the juvenile court pursuant to Section 300, 601, or 602, shall have the rights specified in this section.

Universal Citation: CA Fam Code § 7950
California Code Family Code - FAM DIVISION 12 - PARENT AND CHILD RELATIONSHIP PART 6 - FOSTER CARE PLACEMENT CONSIDERATIONS Section 7950.
DIVISION 12. PARENT AND CHILD RELATIONSHIP [7500 - 7961] DIVISION 13. ADOPTION [8500 - 9340]

**FAMILY CODE SECTION 9000-9007**
California Law Governing ICPC In 1975, California adopted the provisions of the ICPC, now found in Family Code Section 7900, et seq. California Family Code Sections 7900 through 7913 discusses appropriate authorities, assessment protocols, time lines, and financial responsibilities.
Family Law involves "the best interest of the child", "a child's welfare", as well as "child "adoption".
Out of Home Placement is for Juvenile Court of Law & institutionalization, or group home or facility.
Foster Care Placement is for temporary placement of a minor in the controlled care of another family, or a group home.

(22)

**AMENDED**



*FOR THE STATE OF CALIFORNIA*

**Cited Authorities**

Trial Court 19DP00252

Family Law Division 12 PART 6. FOSTER CARE PLACEMENT CONSIDERATIONS [7950 - 7952]

7950. (a) With full consideration for the proximity of the natural parents to the placement so as to facilitate visitation and family reunification, when a placement in foster care is being made, the following considerations shall be used:

(1) Placement shall, if possible, be made in the home of a relative, unless the placement would be in the best interest of the child. Diligent efforts shall be made by an agency or entity to which this subdivision applies, to locate an appropriate relative, as defined in paragraph (2) of subdivision (f) of Section 319 of the Welfare and Institutions Code. At any permanency hearing in which the court terminates reunification services, or at any post permanency hearing for a child not placed for adoption, the court shall find that the agency or entity to which this subdivision applies has made diligent efforts to locate an appropriate relative and that each relative whose name has been submitted to the agency or entity as a possible caretaker, either by the relative or by other persons, has been evaluated as an appropriate placement resource.

(2) An agency or entity that receives any state assistance and is involved in foster care placements shall not do either of the following:

(A) Deny to any person the opportunity to become a foster parent on the basis of the race, color, or national origin of the person or the child involved.

(B) Delay or deny the placement of a child into foster care on the basis of the race, color, or national origin of the foster parent or the child involved.

(b) Subdivision (a) does not affect the application of the Indian Child Welfare Act of 1978 (25 U.S.C. Sec. 1901 et seq.).

(c) This section does not preclude a search for an appropriate relative being conducted simultaneously with a search for a foster family.

(Amended by Stats. 2019, Ch. 115, Sec. 106. (AB 1817) Effective January 1, 2020.)

**AMENDED**

████████████████████████████

## FOR THE STATE OF CALIFORNIA

*California Family Code Sec. § 170 (2016)

*Family Code - FAM. DIVISION 9. SUPPORT [3500 - 5700.905]

PART 2. CHILD SUPPORT [3900 - 4253]

*California Family Code Sec. 175 (25 U.S.C. Sec. 1901 et seq.)

Section 7950 - Considerations when placement in foster care being made

*Cal. Fam. Code § 7950

Section 727 - Orders for care, supervision, custody, conduct, maintenance and support

*Cal. Welf. and Inst. Code § 727

Section 361.7 - Active efforts made to provide remedial services and rehabilitative programs to prevent breakup of Indian family

*Cal. Welf. and Inst. Code § 361.7

Section 272 - Inducing minor to fail to conform to lawful order of juvenile court; persuading or luring minor from home

*Cal. Pen. Code § 272

Section 3400 - Title of act

*Cal. Fam. Code § 3400

Section 4852.05 - Good moral character

*Cal. Pen. Code § 4852.05

Section 1510 - Petition for appointment of guardian

*Cal. Prob. Code § 1510

Section 8616.5 - Post Adoption contact agreement

*Cal. Fam. Code § 8616.5

Section 110 - *Burden of producing evidence

California Family Code Sec. § 177

*Cal. Fam. Code § 110

Section 727.4 - Notice of hearing pursuant to section 727, 727.2 or 727.3

*Cal. Welf. and Inst. Code § 727.4

Section 361.31 - Placement of Indian child in cases in which child removed from physical custody of parents or tribe custodian

*Cal. Welf. and Inst. Code § 361.31

Section 358 - Hearing evidence on proper disposition; continuance of hearing; social study or report

*Cal. Welf. and Inst. Code § 358

Section 224 - Legislative findings and declaration as to protection of Indian children

*Cal. Welf. and Inst. Code § 224

Section 224 - Legislative findings and declaration as to protection of Indian children

*Cal. Welf. and Inst. Code § 224

24

**AMENDED**

*FOR THE STATE OF CALIFORNIA*

Section 727.2 - Reunification services
*Cal. Welf. and Inst. Code § 727.2
Section 361.3 - Placement of child with relative
*Cal. Welf. and Inst. Code § 361.3
Section 16500.5 - Family preservation and support services
*Cal. Welf. and Inst. Code § 16500.5
Section 202 - Purposes of chapter
*Cal. Welf. and Inst. Code § 202
Section 224.1 - Indian child member of more than one tribe or eligible for membership in one or more tribes.
*Cal. Welf. and Inst. Code § 224.1
Section 366 - Periodic review of status of dependent child
*Cal. Welf. and Inst. Code § 366
Section 213.5 - Temporary restraining or emergency protection order issued by juvenile court for protection of child
*Cal. Welf. and Inst. Code § 213.5
Section 372 - Appearance by guardian, conservator of estate or guardian ad litem
*Cal. Code Civ. Proc. § 372
Section 300.2 - Safety, protection and physical and emotional well-being services
*Cal. Welf. and Inst. Code § 300.2
Section 319 - Procedure at initial petition hearing
*Cal. Welf. and Inst. Code § 319
Section 309 - Procedure by social worker upon delivery of child taken into temporary custody
*Cal. Welf. and Inst. Code § 309
Section 224.1 - Indian child member of more than one tribe or eligible for membership in one or more tribe
Section 1459 - Indian child custody proceedings
*Cal. Prob. Code § 1459
Section 358.1 - Requirements of social study or evaluation made by social worker or child advocate
*Cal. Welf. and Inst. Code § 358.1
*Cal. Welf. and Inst. Code § 224.1
Section 332 - Requirements of petition
*Cal. Welf. and Inst. Code § 332
Section 550 - Burden as to particular facts
*Cal. Evid. Code § 550

25

**AMENDED**

*FOR THE STATE OF CALIFORNIA*

Section 3100 - Reasonable visitation rights granted, exception; protective order directed to parent; domestic violence alleged

*Cal. Fam. Code § 3100

Section 265 - Rules governing practice and procedure in juvenile court

*Cal. Welf. and Inst. Code § 265

Section 224.6 - Qualified expert witness in Indian child custody proceeding

*Cal. Welf. and Inst. Code § 224.6

Section 16501.1 - Case plan

*Cal. Welf. and Inst. Code § 16501.1

Section 361.2 - Placement of child with parent; placement of child when court orders removal

*Cal. Welf. and Inst. Code § 361.2

Section 11403 - Federal financial participation for nonminor dependents of juvenile court

*Cal. Welf. and Inst. Code § 11403

Section 16519.5 - [Effective 1/1/2022] Child-centered resource family approval process

*Cal. Welf. and Inst. Code § 16519.5

Section 727 - Orders for care, supervision, custody, conduct, maintenance and support

*Cal. Welf. and Inst. Code § 727

Section 366.26 - Procedure for hearing on subsequent termination of parental rights

*Cal. Welf. and Inst. Code § 366.26

Section 1514 - Appointment by court

*Cal. Prob. Code § 1514

Section 1516.5 - Proceeding to declare child free from custody and control of one or both parents

*Cal. Prob. Code § 1516.5

Section 8603 - Consent of spouse

*Cal. Fam. Code § 8603

Section 601.2 - Powers of school attendance review boards

Cal. Welf. and Inst. Code § 601.2


It is well established that "[j]uvenile dependency law does not abide by the normal prohibition against interlocutory appeals. . . . [A]ll post dispositional orders in juvenile dependency matters are directly appealable without limitation, except for post-1994 orders setting a section 366.26 hearing. (§ 395, § 366.26, subd. (l).)" (In re Edward H. (1996) 43 Cal.App.4th 584, 590; see also In re S.B. 46 Cal.4th 529, 532.)

In re D.F.

C081529 (Cal. Ct. App. Jul. 21, 2017)

**AMENDED**

## FOR THE STATE OF CALIFORNIA

It is well settled that a parent is entitled to due process in juvenile dependency proceedings.
Riverside Cnty. Dep't of Pub. Soc. Servs. v. M.C. (In re A.J.)
E073808 (Cal. Ct. App. Sep. 17, 2020)

It is axiomatic that the best interest of the child is the fundamental concern of the juvenile dependency system.
In re Jerry V.
D054936 (Cal. Ct. App. Dec. 7, 2009)

It is well established that hearsay in a social study prepared by a petitioning agency is admissible and competent evidence in a juvenile dependency matter.
In re
A149379 (Cal. Ct. App. May. 16, 2017)

[I]t is well established that generally parents in juvenile dependency proceedings are entitled to representation by counsel.
In re E.B.
E054963 (MF) / E055    (Cal. Ct. App.        12)

It's axiomatic that the State can't avoid that obligation by outsourcing its management of juvenile dependency cases.
Anderson v. Nebraska
4:17-CV-3073 (D. Neb. Sep. 28, 2018)
It is well established that " 'services are voluntary, and cannot be forced on an unwilling or indifferent parent.'    The requirement that reunification services be made available
to help a parent overcome those problems which led to the dependency of his or her minor children is not a requirement that a social worker take the parent by the hand and escort him or her to and through classes or counseling sessions.
Lois V. v. Superior Court of Contra Costa Cnty.
A146815 (Cal. Ct. App. Feb. 29, 2016)

It is well settled that an order or judgment "terminating juvenile court jurisdiction generally renders an appeal from an earlier order moot.... '[T]he critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error.'
Contra Costa Cnty. Children & Family Servs. Bureau v. A.D. (In re J.D.)
A161418 (Cal. Ct. App. Oct. 6, 2021)

**AMENDED**

*FOR THE STATE OF CALIFORNIA*

It is well-established that a dependency adjudication followed by a disposition awarding or continuing temporary custody of a child to a public children services agency constitutes a final appealable order.
In Matter of C.G.
2007 Ohio 4361 (Ohio Ct. App. 2007)

It is well established that an appellate court reviews the juvenile court's findings on the reasonableness of reunification services for substantial evidence.
C.F. v. Superior Court (Mendocino County Health and Human Services Ag



**AMENDED**



*FOR THE STATE OF CALIFORNIA*

**Insufficient Service**

Throughout the entirety of the case there has been a misunderstanding as to what the requirements are in order to effectively and efficiently provide service to the party in juvenile dependency hearings. The County of Butte was well aware that Meeks no longer resided at her previous address Meeks was now relocated to the Oroville Rescue Mission and decided to take on a 13-month sobriety living environment. Meeks has not lived at the aforementioned home for nearly 6 months, and needless to say Meeks has provided the US Post Office with a change of address in order for mailto be delivered and picked up at the Post Office. With that fat being expressed to CSD social worker as well as the Superior Court having knowledge of the move, it astounds Meeks that little was to find out that CSD was still delivering court paper intended to be delivered to Meeks, to her old address. So Meeks was left unaware of multiple cases pertaining to her son still in foster care in Butte County. Meeks was satisfied with the disposition hearing being completed on February 5, 2020. Meeks ws not entirely sure why additional counsel was presented to Meeks while Christine Price the initial counsel for mother did not make known to Meeks that more court hearings were to come. All court hearings that would be scheduled after January 16, 2020 Meeks were not properly notified of.

The extrinsic fraud comes by way of the petitioner not properly acknowledging to Meeks the ongoing condition of the case. As well as court appointed counsel not provide=ing Meeks with all relevant details in the case, in order to pursue an unnecessary foster care placement. Along with the video visit MS and Meeks participated in on April 10,2020 early in the morning, MS was noticeably bruised and appeared to be discomfort. His face read that of nervous freight. which provided Meeks with the already assumed notion that held the standards to suggest physical abuse was being experienced by MS while in state custody.

29

**AMENDED**



### FOR THE STATE OF CALIFORNIA

**Challenge Trial Court Jurisdiction**

It is stated that one must be adjudicated to the Juvenile Court of Law, which is entirely separate from the Superior Court. WIC 300 is for minors who offend and partake in criminal activity that ultimately lead to foster care placement under *"juvenile dependency"*. Personal jurisdiction in a juvenile case would be the judge having jurisdiction over the person that is accused, which would be the minor to the case, because a juvenile court judge has limited jurisdiction to only oversee cases of delinquency and juvenile dependency, with non minor dependents 21 years of age or younger and deemed incompetent.

MS was not in any shape or form a delinquent or a juvenile nuisance causing mayhem in order for a juvenile court judge to have jurisdiction to oversee this particular case. She would have to have been previously adjudicated as an offender with the juvenile court of law. Any minor falling under Welfare & Institutions Code 300 and is not an offender previously adjudicated then that minor does not belong in the Juvenile Justice Courts. That minor belongs in Family Court I, and Child Protective Services must file neglect petition within that courtroom. Homelessness should not be a reason to subject a minor to an improper venue, and deeming the parent as unfit to further partake in raising the minor.

WIC 361 (a)(1) governs a minor out of their home placement. With it being Welfare & Institutions Code 361 it pertains strictly to delinquents and wards of the juvenile court. *Wards of the juvenile court are legally defined as such, "Being made a ward of the juvenile court is serious. It means that the court takes primary responsibility for the control and treatment of a minor. Welfare and Institutions Code section 725 (b) states: If the juvenile court finds that a minor has violated any law other than a curfew, it may choose to adjudge that minor to be a ward of the court." A juvenile delinquent is legally described as such, "juvenile delinquent n. a person who is under age (usually below 18), who is found to have committed a crime in states which have declared by law that a minor lacks responsibility and thus may not be sentenced as an adult."*

In addition, It is stated that WIC 300 cases are WIC 601 and WIC 602 and thcases and only after a social services social worker receives a referral from a juvenile justice social worker or a probation officer does that minor get declared a WIC 300 participant and a JV-100 is filed in Juvenile Court. I believe that the confusion comes from the multi-purpose word *"juvenile"*. When one hears the word juvenile they automatically think of a minor, a person under 18 years of age. Which is true, but when discussing it's legal definition the word *"juvenile"* means a convicted or criminalized

**AMENDED**



### FOR THE STATE OF CALIFORNIA

*youth.* Juvenile in this context is not being used to describe your average 7 year old kid, that is going to school and getting good marks on her report card.

Furthermore it is imperative that everyone receives a fair hearing which we are granted as United States citizens by the Constitution of the United States of America. If the People who are to uphold the laws and work within a courthouse are unfamiliar with the *jurisdiction laws* and rules set forth by the *California Legislators*, then we are in a world of trouble.

It is stated that personal jurisdiction can be waived or substituted as long as all parties agree. However, subject-matter jurisdiction cannot be waived or substituted; it is what it is and it ain't what it ain't. It's a fact that subject-matter jurisdiction cannot just be obtained by any judge at any given time. A bankruptcy judge has to partake in bankruptcy hearings. If not then that act of assuming jurisdiction where none of the components provided by the judge accurate, it can be deemed as judicial misconduct. Which sets forth the motion to declare fraud upon the court.

Family Law Division 12 Part 6 sets forth the foster care considerations; when a petition is filed for neglect and abuse of a minor. Again I state Family Law I Court hears dependency matters, Juvenile Court hears *Juvenile dependency* matters. There is a big difference. I do know for fact that WIC 309 States specifically that you must be an abused child and either 300 or 602 offender.

"Any failure to disclose the true jurisdiction in violation of 15 Statutes at Large. For this ... was •passed to remove the people of the United States of America from federal citizenship under the 14th amendment. Chapter 249 (Section I), enacted July 27, 1868?"

**AMENDED**



*FOR THE STATE OF CALIFORNIA*

## Motion For Invalidation of Trial Court Cases for ICWA Violations

Throughout the trial court process that began October 21, 2019, there has been a showing that MS, AH, SF, and KFJr. were removed from Meeks' care and all of the minors are of Indian descent. However there was no notification received by the BIA until March of 2020. The trial court judge did state that ICWA rights may apply when the case began, but there has been no following of the requirements set forth by the U.S law, by the judicial team nor the State entity. With the tribes not being promptly notified of the dependency cases there was no way to give the four minors removed from Meeks' care a fair hearing with ICWA rights. Due to the fact that Tribunal Jurisdiction supersedes State Court Jurisdiction over an indian child in dependency cases. Also, to state that the untimeliness of the adjudication petitions filed in the wrong court subjected the children to defamation of character.

In ICWA it is the Court's obligation to continuously inquire about native ancestry. It also states that ICWA guidelines set forth provisions for a disposition hearing to be up to 30 days after the jurisdiction hearing, and once the need for foster care placement no longer existed an immediate return of child(ren) to their parent(s) is to happen. It also states that a child is not to be ordered to foster care placement without giving the family and tribe sufficient notice to prepare for the case and allowing up to 20 days for the family and/or tribe to respond. Which was unlawfully mishandled from the beginning. Lastly, the fact that remedial services were denied to an extent, there was no real effort put into preserving this Indian family or bringing this family back together. This caused a great miscarriage of justice to the children whom have been denied their mother for two years. Which brought on their severe emotional scarring by way of parental alienation. Which is a form of child abuse.

Again I Ms. Meeks is respectfully requesting all judgements be declared void and reversal of the cases in its entirety; adding that all four children are placed back in Meeks' care with the legal and physical custody and control placed back with Mrs. Meeks immediately following the order of the Appellate Court of the Third District of California.

Thank you

**AMENDED**



## *FOR THE STATE OF CALIFORNIA*

### Petition For Reversal Of Trial Cases For Fraud Upon The Court

The fraud upon the court began once it was stated in the beginning of the case. The court has a detailed account of events in Social Worker Natasha Chronister's own words. Those words state with clarity "et.al", which legally is defined as "and others". Which the courts ignored throughout the entirety of the case. All four minors were sent to foster care and only one of which was made to experience court proceedings. Meeks continuously asked about the whereabouts of her other three children that were placed with their fathers as the non-custodial non-offending parents. It is stated that if a minor is to be placed with their non-custodial non-offending parent the minor is to remain there until the finality of the case and still be an active participant in the case. To follow was a disposition hearing that took place on February 5, 2020 and although the form was not signed, it was served on the parties and Butte County terminated its jurisdiction over minor MS, dismissing the case, after sending MS to Oakland January 29, 2020 with his presumed father Mr. Finley. Roughly February 8, 2020 MS was physically abused by his presumed father and Butte County employee Shameka Harrison was sent to retrieve the minor from Alameda County.

Once the minor was brought back to Butte County the original case with Meeks continued as if it were the original and nothing was the reason for the new removal of MS. Butte County never did follow up with the condition of any of the minors previously placed with Mr. Finley by Butte County. There was never a petition filed for Mr. Finley and the abuse MS endured. Butte County also neglected to contact Alameda County Social Services to inform them of the possible child abuse in regards to Meeks' other children in Mr. Finley's care. A new disposition hearing was to be held on March 4, 2020, March 5, 2020 March 11, 2020, and finally April 7, 2020. The minutes from April 7, 2020 were to be redacted from the record at the request of County Counsel David Kennedy of Butte County. And new orders were to be made April 10, 2020. The April 10, 2020 orders were to reflect family reunification with MS and removal of Mr. Finley from the presumed father status. Yet neither took place. Mr. Finley at the request of Social Worker Harrison gave the Children's Services Division to relocate MS out of the state of California to Virginia.

With everything that I have stated I neglected to bring up the issue regarding Meeks' other three children removed from her care on October 16,2019 and the fact that they were listed with "subtype" 300 on the onset of the detention hearing. Although they were unlisted on the upcoming reports they were still a part of the initial case. With no disposition hearing being held in their regards, and attorney Christine Price pointing out the fact that Judge Roberts only had jurisdiction over one of Meeks' children is

**AMENDED**

*FOR THE STATE OF CALIFORNIA*

further fraud upon the court. Two years have passed, four children listed under WIC 300 and named as participants to a case, One disposition hearing with only one minor involved. Three disposition hearings go unfulfilled. That is undeniably fraudulent behavior and despicable to say the least. A judge cannot assume the right to oversee a case and intentionally reject the fact that a disposition is to be held in order to exit the minor's from the control of the court. Ultimately ending their court proceedings by way of initiating an ICPC to another state with no approval from the receiving state judicial team.



34

**AMENDED**



*FOR THE STATE OF CALIFORNIA*

### Petition the Court to acknowledge
### Breach of Confidentiality

   Under California law, the Juvenile Court has a duty to protect the confidentiality of its records, courtroom proceedings, and most importantly the identities of the children who are or may come under the court's jurisdiction.

   The fact that the minor MS was subject to have his full name, with middle names included printed in court petitions and reports is a breach of confidentiality. On every form filed and unfiled with the court MS' name was accepted by th judicial team participating in the case. Any reasonable person with the proper education, training and experience should have been held accountable in the act of providing MS' name being displayed and the omission of the minors name being redacted.



(35)

**AMENDED**



*FOR THE STATE OF CALIFORNIA*

## Petition For Reversal, Reinstatement of Parental Rights and Perjury Provided By County Counsel

It should be stated that the entire case has been a case that has a lot of components to it. The fact that County Counsel David Kennedy was allowed to intentionally perjure himself via court forms presented to the judge and accepted by the judge is shameful. Kennedy provided in his JV-180 that Meeks' appellate counsel inquired about two outcomes of the aforementioned case. It was stated that Kennedy wished to strike out the April 7,2020 disposition hearing orders. It was stated that one order declared the case be dismissed with presumed father getting legal and physical custody of MS. The other order provided Meeks with reunification services and to continue the case. April 10,2020 provided new disposition orders, once granted by the judge a redaction of the orders Kennedy acknowledged as being insufficient to the minor.

In fact Meeks' appellate counsel sought to gain access to the January 6, 2020 hearing orders and judgments not previously provided to him by Butte County. The intentional misrepresentation caused a delay of and ultimate dismissal of the appellate court case. Further hindering MS and Meeks reuniting.

30

**AMENDED**



### *FOR THE STATE OF CALIFORNIA*

### <u>Petition For Acknowledgement Of No Disposition Hearing Held For Three Minors Also Removed</u>

Let it be stated that four of Meeks' children were listed in the detention reports provided by Butte County Social Services as well as the Oroville Police Department. At the arrival of the jurisdiction hearing three minors AH, SF and KFJr. were no longer to be listed in the court forms filed by County Counsel. Which leaves three minors extracted from Meeks' care to take part in an adjudication hearing, yet never to have a disposition hearing in regards to Meeks regaining custody of three of her children. The hearings would have also provided the minors with ICWA rights. The untimely disposition hearing would have led to return of the minors to mother's care and continued to improper subject-matter jurisdiction, as well as unfounded neglect or abuse.



**AMENDED**

*FOR THE STATE OF CALIFORNIA*

## Petition For Reversal of the Case In Its Entirety Due To Judicial Misconduct

The fact that Judge Roberts and Judge Merrifield continued to oversee a case in which they should have stopped/ended due to improper jurisdiction in its entirety is cause to show the intentional recklessness, segregation and deprivation of Meeks' children from their mother.

Any judicial officer that has had the proper training should have been made aware of the discrepancy and rectified the situation immediately.



All counsel provided to the court in the case that have received the proper training should have rectified the discrepancy presented to the court.

All County employees should have seen the misconduct and misrepresentation set forth and should have caused a dismissal of the case and returned MS to his mother.



**AMENDED**

████████████████████████████

*FOR THE STATE OF CALIFORNIA*

## Statement Of The Trial Court Case

In Butte County on October 21, 2019, Judge Roberts of the Juvenile Court of Law, declared
that Meeks' four children removed from her care fall under WIC 300. Judge Roberts then
substantiated the petition once it redacted drug participation presented by CSD with an order to continue foster care placement of Meeks' children. Soon to occur was three of Meeks' children being omitted from all other court proceedings and no longer mentioned in the court hearings. Upon the approval of January 06,2020 the jurisdiction hearing allowed Kenneth Finley to be named the presumed father of the minor, and the minor was placed with Mr. Finley on January 29, 2020 with his other two siblings. Mr. Finley received legal and physical custody of Meeks' only continuously fostered child.

The minors MS, SF, and KFJr. were all made to live with Mr. Finley. The lack of a home check, background clearance, and the minor KFJr. had a police report filed with the Oroville Police Department with allegations of Finley having inappropriate sexual contact with minor KFJr. seemed to be of unimportance. Negligently placing Meeks' children over 100 miles away from her and in the care of a suspected child sexual offender. The Butte County Superior Court relieved themselves of jurisdiction of MS the following month on February 5, 2020 with the disposition hearing. On February 8, 2020 Mother fully aware that her dependency case was finalized at the disposition hearing. Meeks contacted social worker Dutton to inform her that as MS's court appointed counsel, of the facts surrounding MS being abused physically by Mr. Finley.

On February 26, 2020 Butte Superior Court held another court hearing to appoint Mother a new attorney, Mr. Rasmussen. At this point the case was finalized. Once MS was brought back to Butte County from Alameda County, the Children's Services Division should have notified Alameda Child Protective Services and insisted on them making a report in regards to the minors in Mr. Finley's care remained in Alameda County. Mr. Finley was not acknowledged as the perpetrator in the newest removal of MS. Meeks' case remained ongoing. Meeks has been alienated from her children since 2019,and the effects of the misrepresentation provided by Butte County as a whole, has caused the family irreparable damages.

In November of 2020, MS was relieved of Butte County foster care and with Mr. Finley giving consent to the ICPC MS was transferred to Virginia to a relative

㊴

AMENDED

## FOR THE STATE OF CALIFORNIA

placement, still within Butte County jurisdiction. Judge Merrifield was now presiding over the dependency hearing. Judge Merrifield provided that ICWA does not apply to the case,

although MS alongside siblings, mother and grandparents are native. ICWA rights have been denied in its entirety as well as improper subject-matter and personal jurisdiction lacking throughout the case in whole. With MS being put in Mr. Finley's care and relieving themselves of jurisdiction, the County of Butte went beyond the scope of the law and overtook jurisdiction of MS for the second time, ultimately making him the perpetrator of the case yet again. The Juvenile Court can not undertake jurisdiction of a competent adult. Adult courts handle adults with normal/average brain functions.

Subject matter jurisdiction cannot be substituted and agreed upon it is specific in the nature of the court proceedings. Again, Judge Roberts, being in the law profession for roughly a decade, is well aware of the duties she is to perform, and in which division of the Superior Court she can rule over. When Judge Roberts gave CSD the command to redetain MS for physical abuse and CSD subsequently jumped jurisdiction in order to follow court orders, the act alone provided the court with a reason to declare mistrial. The court was also fraudulent in regards to personal and subject matter jurisdiction with the case beginning and continuing as a juvenile law case. MS was not a nuisance to the community, nor was he a troubled child. The family law division was to be the proper venue to present this dependency case such as this. CSD being available to assist in a TRO against Meeks for the protection of the foster parents due to MS being physically bruised while in foster care placement provided by Butte County was another form of fraud and misrepresentation on behalf of CSD.

Mother being denied any visitation with MS while in Butte County foster care followed. Mother reporting the incident to the Ombudsperson. With an immediate removal of AH from

her first foster placement after being slapped across the face and SF pushed to the floor and Mother was presented with no notification in regards to the relocation and the abuse to her children, the actions by Butte County CSD is to be executed out of negligence as well as fraud. AH and SF were moved on separate events and AH and SF both reported their physical punishments distributed to them while in their initial placement to Social Worker Natasha Chronister and subsequently

AH and SF along with their brother KFJr. who was placed alone, scared, and distraught were illegally omitted from the remainder of the case. Once the detention hearing concluded "et. al" was no longer to be plastered at the topic of the reports provided by the Children's Services Division. While MS was made to remain by himself



**AMENDED**

~~THIS DOCUMENT IS ANNEXED~~

## FOR THE STATE OF CALIFORNIA

in the same abusive foster placement AH and SF were removed from. No court hearing took place on November 6, 2019, yet findings and an
interim orders were added to the case. Meeks has been labeled as a perpetrator in CPS records 2019 for general neglect and Mr. Finley is referred to in CPS records as the perpetrator in a 2015 sexual abuse report with Meeks' daughter AH being listed as the victim. Yet with all the information provided to Butte County in regards to Mr. Finley, he is still provided with exclusive rights to Meeks' children, rights not available to Meeks. It is also stated in the original detention report provided to the court by CSD that Mr. Finley
is the subject of an allegation for sexual abuse against KFJr. yet his name is not written out in plain text. Mr. Finley was provided by Butte CSD social workers the control of SF and KFJr. with complete disregard for human life. The two year long case ended in Juvenile Court on September 16, 2021 with the Butte County Juvenile Court ordering Meeks' parental rights be terminated. The entire case was ruled upon with the presiding judges lacking jurisdiction over the case in its entirety.

The Welfare and Institutions Code 160000.1-189999.8 has provisions related to foster care
placements of youth, and reflections of WIC 300 rules. Family Law- Division 12 Part 6 governs foster care placement of minors that are wards of the juvenile court. In a dependency case where CSD/CPS removes children and does not return them that same day it is a requirement that the social worker file a neglect petition with the Family Law Court Clerk. A Family Law judge is the proper judge jurisdiction over the case in question.

41

**AMENDED**



*FOR THE STATE OF CALIFORNIA*

## The Questions Presented:

Does A Mother Deserve to Lose All of Her Children due to Homelessness?

1. Whether a superior court judge's impartiality might reasonably be questioned, thereby requiring recusal under 28 U.S.C. §455(a),when all parties provided by the Butte County judicial team and CSD are partaking in a joint venture, with the goal to be continuous foster care and money being the motive behind the foster care placements and unnecessary delay of court proceedings.

2. Why are the cases being governed by the juvenile court of law and no judicial member familiar with court procedure has initiated a correction to the venue, nor have they declared a mistrial/dismissal due to improper subject-matter jurisdiction.

3. The judges in all court proceedings have relieved themselves of discretion and provided the CSD/CPS agencies with discretion over the cases giving them absolute power over the cases. Is it legal/conventional for a judge to give up immunity and provide a petitioner with the power to sustain a claim that they present to the court?

4. Is CSD/CPS delegated court proceedings with a parent that they are accusing of a crime constitutional?

5. Does a superior court that has an appellate division within their courthouse provide an individual with an impartial hearing?

6. It is stated that the appeals from a superior court are to take place in a district appellate court. Is an appeal valid if the superior court and not the district courts oversee the case?

7. The judicial system is to uphold the constitution provided to the U.S citizens, yet the courts have went beyond the scope of a judicial officer in providing an agency the ability to supercede their courtroom, does that provide cause for a mistrial of the entirety of the case, due to intentional misrepresentation?

8. Why are there so many discrepancies in dependency cases and the proper jurisdiction, and no person has been made to rectify such a dispute?

9. With there being a Title IV-E funding for WIC 300 cases, which are governed by juvenile court law

**AMENDED**

*FOR THE STATE OF CALIFORNIA*

and all dependency cases being held in juvenile court,whether it be proper or improper. Shouldn't that provide a reasonable person with the authority to audit, to actually investigate and audit the

increase in juvenile cases being recorded and submitted yearly to the State Department of Public

Health and Social Services and the Title IV-E funding the state received due to the high demand

of juvenile cases?

10. How can CSD/CPS lose the whereabouts of your children immediately following CSD/CPS gaining access to the children and no one be penalized for

the event.

11. How can a state agency be responsible for kidnapping children (unwarranted seizure) and not

be subjected to criminal charges?





**AMENDED**



*FOR THE STATE OF CALIFORNIA*

## Conclusion

In conclusion a reversal of the cases aforementioned is deemed sufficient
in order to prevent any further injustice being provided to the Meeks
children AH, MA, SF & KFJr. To follow is an expedited immediate return of BH,
AH, MS, SF and KFJr. all of whom have been alienated
from Meeks



16 December 2021



**AMENDED**



## *FOR THE STATE OF CALIFORNIA*

## A Letter From A Mother To Her Son

Fatty I have always loved you, I love all of my children, there is something about you that holds on to me tight. You are everything. Maybe it's because I have always been your mom and your dad, I don't know. What I do know is that I owe you a million apologies, That still wouldn't be enough. I know that I am not the best parent in the world, with that being said I know that I have raised a mighty fine young man. You are helpful , considerate, you look at the bright side of things and although it may be improper I depend on you more than I should.

You have been by my side when I was truly messing up and you still had a glimmer of hope to say the least. You make me proud as a mother, as a woman and as a person in your life. I love you from the depth of my soul, and I can't help it. I miss watching TV with you and I'm playing with your ear until it gets warm and then I switch to the other ear. We sit back and laugh watching Simpsons, Angry Bird and Yo Mama Jokes on YouTube. Making you happy is really all I ever wanted. I tried my hardest, I promise you I did. Ultimately and regrettably I fell super short. You didn't deserve any of the nonsense that I brought to you. I wanted to kill myself, just to escape everything. The hurt, the anger, the loneliness I felt even when I was alive still haunts me til this day, I just wanted to lay by your side and that was selfish of me and I never even got to address that with you, nor did I apologize to you. I AM SORRY! I AM SORRY, MAN FAT PACK MONEY STACKS! I am looking for your forgiveness for a lot of my actions.

I started out my life in a downward position, Am I too dark? Am I not smart? Am I pretty? The one thing that I was always sure about was me being a mom. I knew how to do that. So no matter what I'm trying to say is that no matter what I feel or about me, the look you gave me and still give me tells me that I AM! That's what I am supposed to make you feel. Your superhero. Your mom, your MOTHER! And still your best friend.

I never wanted my kids to look at me the way that I looked at and catch myself still thinking about my mom. Foster care was my worst fear in the world. I had to keep yall out of the system, by any means necessary. That was my all time focus. None of my kids were going to live how I did. That didn't happen. I can only guess how you feel and if it's anything like the rest of us, that shit hurts. It hurts like hell everyday not having you with us. Lost in the world, like everyone is looking at you to fail. Not being able to understand where you stand in life. Are you gonna be like your mom when you grow up? Or your dad? I know Aly started crying one night and when I asked her why, she said "Because I'm just like you". My only response was that I rock and I'm awesome.



**AMENDED**

## FOR THE STATE OF CALIFORNIA

Growing up in life you are gonna have self doubt, like during class and you said " Maybe black people shouldn't exist.

Black people are some of the most encouraging people I know. They stand firm in what they believe in. They look to better days because they remember where they come from. Black people will go to the ends of the earth to make sure their child has the right hair food. Black people are proud to be just that... And that's THEM.

Whether I lose all rights to you or not, be proud of who you are, because you ARE...

When I worked at the Goodwill and the little lady came in and she wanted a coffee mug, a shirt and I think a pair of pants, she put everything else back cuz she didnt have enough money and you gave her the rest of the change she needed to buy the coffee mug $5 you gave her... That is the kind of man I need you to stay...

The last time I physically saw you I yelled at you and told you to have fun with your new mom. My feelings were hurt, I felt replaced, not needed, not wanted, and like I let you down, which I know I did. In too many ways, and I know I can't take it back. If you are to be brought back into my life, when I tell you to have fun with your new mom, I will be just that. I am destined to be the man I want me to be... And again Marquis Robert Lakin Stoughton, My Fatty, My Fatty, My Stacks, My Heart. I need you in my life. We all do!!!

My sister is a wonderful human being. She is thoughtful, she embraces family, she helped with my upbringing. My sister is blamed everyday for us being removed from my mom. The one thing that I never told her was THANK YOU! She had enough foresight to recognize a flaw that we as kids just didn't see. I appreciate my full blood sister. This isn't a half sibling ship. It's a full thing and with all of this I cannot find something that deems my sister unfit to adopt. The only thing I can say in regards to that is that she is not me!!! I am my son's mother, father, police office, doctor, health inspector, his teacher, and most importantly his MOTHER. You only get one MOTHER and thats something that every child needs. I love my family. And homelessness should never be the reason a judicial team and state agency can overlook the laws and deny people their rights.

*Marquis Robert Lakin Stoughton*

**Love your mom**    *Janai Serene Opal Meeks*



**AMENDED**



*FOR THE STATE OF CALIFORNIA*

**Proof of Service**

I Janai Meek am aware that ***Truefiling*** provides proof of service to participants to the case by way of electronic filing. The service is to executed upon the filing of the Appellants opening brief, in the Third District Court of Appeals case number is provided in text C094560.



*Janai Meeks* 12/21/2021

47