UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANAI MEEKS, et al., | No. 2:21-cv-0049 KJM DB PS |
| Plaintiffs, | |
| v. | ORDER AND |
| BUTTE COUNTY CHILDREN'S SERVICES DIVISION and OROVILLE POLICE DEPARTMENT, | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff Janai Meeks is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiff's third amended complaint, motions to proceed in forma pauperis, and motion to appoint counsel. (ECF Nos. 2, 8, 9 & 11.) The third amended complaint concerns an alleged unlawful seizure by the defendants.

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, plaintiff's third amended complaint is deficient. Accordingly, for the reasons stated below, plaintiff's motion for the appointment of counsel is denied and the undersigned will recommend that plaintiff's third amended complaint be dismissed without further leave to amend.

**I.      Plaintiff's Application to Proceed In Forma Pauperis**

Plaintiff's in forma pauperis applications make the financial showing required by 28 U.S.C. § 1915(a)(1). However, the court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). A determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.

"'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

The court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as

true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II. Plaintiff's Third Amended Complaint

As was true of plaintiff's prior complaints, the third amended complaint is vague, conclusory, and deficient in several respects.  In this regard, the third amended complaint alleges that the "Oroville Police Department detained Meeks' four children without a court order, no warrant nor consent from Meeks on October 16, 2019."  (Third Am. Compl. (ECF No. 11) at 6.[1])  Plaintiff alleges that all of this "conduct is listed in an active appeal" with the California Court of Appeal.  (Id.)  The third amended complaint asks that "Butte County [be] held responsible for 100% of the damages" and seeks in addition to monetary damages, the "[r]everal of Butte County cases in their entirety[.]"  (Id. at 7.)

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

3

does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 557).  A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.  Here, the allegations of the third amended complaint are vague and conclusory.

With respect to the third amended complaint's allegations concerning the removal of plaintiff's children, pursuant to the Fourteenth Amendment "[o]fficials may remove a child from the custody of its parent without prior judicial authorization only if the information they possess at the time of the seizure is such as provides reasonable cause to believe that the child is in imminent danger of serious bodily injury and that the scope of the intrusion is reasonably necessary to avert that specific injury." Wallis v. Spencer, 202 F.3d 1126, 1138 (9th Cir. 2000).  Pursuant to the Fourth Amendment, "[o]fficials, including social workers, who remove a child from its home without a warrant must have reasonable cause to believe that the child is likely to experience serious bodily harm in the time that would be required to obtain a warrant." Rogers v. County of San Joaquin, 487 F.3d 1288, 1294 (9th Cir. 2007); see also Kirkpatrick, 843 F.3d at 790.

Here, the third amended complaint fails to contain any factual allegations alleging that a named defendant acted without reasonable cause.  To the contrary, the third amended complaint alleges that the "minors to the case were detained for homelessness[.]"  (Third Am. Compl. (ECF No. 11) at 28.)  And the third amended complaint asks that "Butte County being held responsible for 100% of the damages[.]"  (Id. at 7.)

However, "[i]n Monell v. Department of Social Services, 436 U.S. 658 (1978), the Supreme Court held that a municipality may not be held liable for a § 1983 violation under a theory of respondeat superior for the actions of its subordinates." Castro, 833 F.3d at 1073.  In this regard, "[a] government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citing Monell, 436 U.S. at 694).

In order to allege a viable <u>Monell</u> claim against Butte County or the Oroville Police Department plaintiff "must demonstrate that an 'official policy, custom, or pattern' on the part of [the defendant] was 'the actionable cause of the claimed injury.'" <u>Tsao v. Desert Palace, Inc.</u>, 698 F.3d 1128, 1143 (9th Cir. 2012) (quoting <u>Harper v. City of Los Angeles</u>, 533 F.3d 1010, 1022 (9th Cir. 2008)). There are three ways a "policy" can be established. <u>See</u> <u>Clouthier</u>, 591 F.3d at 1249-50.

"First, a local government may be held liable 'when implementation of its official policies or established customs inflicts the constitutional injury.'" <u>Id.</u> at 1249 (quoting <u>Monell</u>, 436 U.S. at 708 (Powell, J. concurring)). Second, plaintiff may allege that the local government is liable for a policy of inaction or omission, for example when a public entity, "fail[s] to implement procedural safeguards to prevent constitutional violations" or fails to adequately train its employees. <u>Tsao</u>, 698 F.3d at 1143 (citing <u>Oviatt v. Pearce</u>, 954 F.2d 1470, 1477 (9th Cir. 1992)); <u>see also</u> <u>Clouthier</u>, 591 F.3d at 1249 (failure to train claim requires plaintiff show that "the need for more or different training [was] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers . . . can reasonably be said to have been deliberately indifferent to the need.") (quoting <u>City of Canton v. Harris</u>, 489 U.S. 378, 390 (1989)); <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1186 (9th Cir. 2006) ("To impose liability against a county for its failure to act, a plaintiff must show: (1) that a county employee violated the plaintiff's constitutional rights; (2) that the county has customs or policies that amount to deliberate indifference; and (3) that these customs or policies were the moving force behind the employee's violation of constitutional rights."). "Third, a local government may be held liable under § 1983 when 'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" <u>Clouthier</u>, 591 F.3d at 1250 (quoting <u>Gillette v. Delmore</u>, 979 F.2d 1342, 1346–47 (9th Cir. 1992)).

However, a complaint alleging a <u>Monell</u> violation "'may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.'" <u>AE ex rel. Hernandez v. Cty. of</u>

1  Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (quoting Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir.
2  2011)).  At a minimum, the complaint should "identif[y] the challenged policy/custom, explain[ ]
3  how the policy/custom was deficient, explain[ ] how the policy/custom caused the plaintiff harm,
4  and reflect[ ] how the policy/custom amounted to deliberate indifference[.]"  Young v. City of
5  Visalia, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009); see also Little v. Gore, 148 F.Supp.3d 936,
6  957 (S.D. Cal. 2015) ("Courts in this circuit now generally dismiss claims that fail to identify the
7  specific content of the municipal entity's alleged policy or custom.").

8    Here, the third amended complaint contains no factual allegations in support of a Monell
9  violation.  Moreover, under the Rooker-Feldman doctrine a federal district court is precluded
10 from hearing "cases brought by state-court losers complaining of injuries caused by state-court
11 judgments rendered before the district court proceedings commenced and inviting district court
12 review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544
13 U.S. 280, 284 (2005).  The Rooker-Feldman doctrine applies not only to final state court orders
14 and judgments, but to interlocutory orders and non-final judgments issued by a state court as well.
15 Doe & Assoc. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001); Worldwide
16 Church of God v. McNair, 805 F.2d 888, 893 n. 3 (9th Cir. 1986).

17   The Rooker-Feldman doctrine prohibits "a direct appeal from the final judgment of a state
18 court," Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003), and "may also apply where the parties
19 do not directly contest the merits of a state court decision, as the doctrine prohibits a federal
20 district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a
21 state court judgment."  Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008)
22 (internal quotation marks omitted).  "A suit brought in federal district court is a 'de facto appeal'
23 forbidden by Rooker-Feldman when 'a federal plaintiff asserts as a legal wrong an allegedly
24 erroneous decision by a state court, and seeks relief from a state court judgment based on that
25 decision.'"  Carmona v. Carmona, 603 F.3d 1041, 1050 (9th Cir. 2010) (quoting Noel, 341 F.3d
26 at 1164); see also Doe v. Mann, 415 F.3d 1038, 1041 (9th Cir. 2005) ("[T]he Rooker-Feldman
27 doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in
28 'which a party losing in state court' seeks 'what in substance would be appellate review of the

state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'") (quoting Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994), cert. denied 547 U.S. 1111 (2006)). "Thus, even if a plaintiff seeks relief from a state court judgment, such a suit is a forbidden de facto appeal only if the plaintiff also alleges a legal error by the state court." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013).

> [A] federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal. As part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision.

Doe, 415 F.3d at 1043 (quoting Noel, 341 F.3d at 1158); see also Exxon, 544 U.S. at 286 n. 1 ("a district court [cannot] entertain constitutional claims attacking a state-court judgment, even if the state court had not passed directly on those claims, when the constitutional attack [is] 'inextricably intertwined' with the state court's judgment") (citing Feldman, 460 U.S. at 482 n. 16)); Bianchi v. Rylaarsdam, 334 F.3d 895, 898, 900 n. 4 (9th Cir. 2003) ("claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules") (citing Feldman, 460 U.S. at 483 n. 16, 485).

And the Younger abstention doctrine generally forbids federal courts from interfering with ongoing state judicial proceedings. See Younger v. Harris, 401 U.S. 37, 53-54 (1971); Kenneally v. Lungren, 967 F.2d 329, 331 (9th Cir. 1992). "Younger abstention is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." ReadyLink Healthcare, Inc. v. State Compensation Ins. Fund, 754 F.3d 754, 759 (9th Cir. 2014). "If these four threshold elements are established, we then consider a fifth prong: (5) 'whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to Younger applies.'" Rynearson v. Ferguson, 903 F.3d 920, 924-25 (9th Cir. 2018) (quoting ReadyLink, 754 F.3d at

759)). Here, the third amended complaint complains about "cases . . . held in Juvenile Court," and acknowledges a pending appeal. (Third Am. Compl. (ECF No. 11) at 7,9.)

Accordingly, for the reasons stated above, the undersigned finds that plaintiff's third amended complaint should be dismissed.

## II. Further Leave to Amend

The undersigned has carefully considered whether plaintiff may further amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Here, plaintiff has been given several opportunities to amend without success. In light of that fact and the nature of the defects noted above, the undersigned finds that granting plaintiff further leave to amend would be futile. Accordingly, the undersigned will recommend that plaintiff's third amended complaint be dismissed without further leave to amend.

## III. Appointment of Counsel

On September 9, 2021, plaintiff filed a request seeking the appointment of counsel. Plaintiff is informed that federal district courts lack authority to require counsel to represent indigent plaintiffs in civil cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). The court may request the voluntary assistance of counsel under the federal in forma pauperis statute, but only under exceptional circumstances. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the plaintiff's ability to articulate his or her claims. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

////

////

Here, the undersigned has recommended that plaintiff's third amended complaint be dismissed without further leave to amend. Accordingly, the undersigned cannot find that plaintiff is likely to succeed on the merits. Plaintiff's motion for appointment of counsel, therefore, will be denied.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's January 1, 2021 motion to proceed in forma pauperis (ECF No. 2) is granted;

2. Plaintiff's September 9, 2021 motion to proceed in forma pauperis (ECF No. 8) is denied as having been rendered moot; and

3. Plaintiff's September 9, 2021 motion to appoint counsel (ECF No. 9) is denied.

Also, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's February 2, 2022 third amended complaint (ECF No. 11) be dismissed without further leave to amend; and

2. This action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 31, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/meeks0049.dism.f&rs

9